**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**ANTHONY ANTONIO CARTER, #134067**                                **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 2:12cv13-KS-MTP**

**RON KING, ET AL.**                                                              **DEFENDANTS**

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Motion for Summary Judgment [59] filed by Defendants Johnnie Denmark and Ron King. Having considered the motion, response, applicable law, and case record, the undersigned recommends that Defendants' Motion [59] be granted.

**FACTUAL BACKGROUND**

Plaintiff Anthony Antonio Carter, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 in this Court on January 24, 2012. Plaintiff is currently incarcerated at the Wilkinson County Correctional Facility in Woodville, Mississippi. Plaintiff is serving a ten-year sentence after being convicted of delivering a controlled substance in Harrison County, Mississippi.[1] The allegations in Plaintiff's Complaint occurred while he was a post-conviction inmate at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi.

Plaintiff brought this action against: Mississippi Department of Corrections ("MDOC") Commissioner Christopher Epps, SMCI Superintendent Ron King, SMCI Warden Johnnie

---

[1] *See* http://www.mdoc.state.ms.us/InmateDetails.asp?PassedId=134067 (last visited September 25, 2013).

Denmark, SMCI Warden Regina Hancock, SMCI employee Debra Platt, former SMCI employee Regina Helton, and former SMCI employee Erin Bounds.[2]

Through his Complaint and as clarified by his testimony at the *Spears*[3] hearing, Plaintiff alleges that the Defendants failed to protect him from harm at the hands of his fellow inmates in violation of his constitutional rights.  Specifically, Plaintiff claims he was assaulted by several inmates on July 21, 2011. (Omnibus Order at 2.)  Plaintiff could not identify any of the assailants, but he alleges they were part of a gang or organization. (Omnibus Order at 2.) Plaintiff alleges that the attack was carried out at the direction of Defendant Bounds.[4] (Omnibus Order at 2.)  Plaintiff also alleges that Defendant Helton[5] sent him into an unsafe zone within the prison and waited several minutes after the assault began before calling for help. (Omnibus Order at 2.)

Plaintiff alleges that he informed Defendants Denmark and King ("Movants") of the July 21, 2011, assault and alleges that Movants failed to take any action to investigate or discipline the assailants. (Omnibus Order at 3.)  Plaintiff further alleges that Movants failed to take any action to have him moved to another facility. (Omnibus Order at 3.)  Plaintiff alleges that he was

---

[2] Plaintiff voluntarily dismissed Defendant Debra Platt. (Order [43].)  The Court dismissed Defendants Christopher Epps and Regina Hancock. (Judgment [48].)

[3] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) (stating that the testimony offered during an omnibus hearing supersedes the allegations made by a *pro se* plaintiff in the complaint).

[4] It appears Defendant Bounds was served with process on May 18, 2012, but she has not filed a responsive pleading in this case. (Return [31].)

[5] It appears Defendant Helton was served with process on May 8, 2012, but she has not filed a responsive pleading in this case. (Return [30].)

attacked on December 2, 2011,[6] by members of the same gang or organization that was responsible for the first assault. (Omnibus Order at 2.) Plaintiff alleges that the second attack resulted, in part, because of Movants' failure to protect him.

Plaintiff brings this action against Movants in their individual and official capacities. Plaintiff seeks monetary damages for the alleged violations of his constitutional rights. In their Motion for Summary Judgment, Movants argue that Eleventh Amendment sovereign immunity bars Plaintiff's claims against them in their official capacity and that qualified immunity bars the claims against them in their individual capacity. They contend that Plaintiff has not made a valid claim for failure to protect, but that assuming he had, Plaintiff still could not prevail on his claims because the Movants' actions were objectively reasonable.

## ANALYSIS

**Summary Judgment Standard**

This court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, Movants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If Movants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this Court must decide, and in making that decision, it must "draw inferences most favorable to the

---

[6] At the *Spears* hearing, Plaintiff alleged that the second attack took place in November, 2011, but in his Affidavit [63], filed in response to Defendants' Motion for Summary Judgment, Plaintiff states that the attack occurred on December 2, 2011. Medical records [62] confirm that Plaintiff received medical care for an incident which occurred on December 2, 2011.

party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id* at 712.

There, however, must be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations,"[7] unsubstantiated assertions,[8] or the presence of a "scintilla of evidence,"[9] is not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

**Official Capacity**

The Eleventh Amendment bars "an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Education Service Center*, 307 F.3d 318, 326 (5th Cir. 2002). "Eleventh Amendment immunity extends to any agency or entity deemed an 'alter ego' or 'arm' of the state." *Id*. (citing *Vogt v. Bd. of Comm'rs*, 294 F.3d 684, 688-89 (5th Cir. 2002)). A suit "against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71

---

[7] *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990)

[8] *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994)

[9] *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994)

(1989).  Therefore, Plaintiff claim against Movants in their official capacity amounts to a suit against the state of Mississippi.

Section 1983 does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 345 (1975).  Additionally, Mississippi has not waived its Eleventh Amendment immunity. Miss. Code Ann. § 11-46-3.  Accordingly, the Eleventh Amendment bars Plaintiff's claim asserted against the Movants in their official capacity, and summary judgment should be entered in Movants' favor.[10]  That leaves for consideration Plaintiff's Section 1983 claim against Movants in their individual capacity.

**Individual Capacity**

Movants maintain they are entitled to summary judgment as to Plaintiff's claim against them in their individual capacity based on the doctrine of qualified immunity.  Under Section 1983, government officials performing discretionary functions in their jobs are entitled to qualified immunity from civil liability to the extent that "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful action generally turns on the 'objective reasonableness' of the action . . . assessed in light of the legal rules that were 'clearly

---

[10] A narrow exception to this immunity exists which provides that a state official may be sued in his or her official capacity for *injunctive* relief without violating the Eleventh Amendment. *Ex Parte Young*, 209 U.S. 123, 159-60 (1908); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).  That exception does not apply in this case because Plaintiff only seeks monetary relief from Movants on the claim remaining at issue. (Omnibus Order at 3.)

5

established' at the time it was taken." *Id*. (citing *Harlow*, 457 U.S. at 819).

When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001).  The plaintiff must demonstrate "that the official's allegedly wrongful conduct violated clearly established law." *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997) (quoting *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992)).  In this case, Plaintiff asserts that Defendants failed to protect him from harm at the hands of his fellow inmates.

Under the Eighth Amendment, prison officials have a duty to protect inmates from violence by fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)).  However, every injury suffered by one prisoner at the hands of another does not amount to a constitutional violation by prison officials responsible for prisoners' safety. *Farmer*, 511 U.S. at 834.  To prevail on a failure to protect claim, Plaintiff must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).

Deliberate indifference consists of the official being aware of both the "facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  Deliberate indifference "'is an extremely high standard to meet.'"  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).  Negligent failure to protect an inmate does not rise to the level of a constitutional violation. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).  The test for establishing deliberate indifference is "one of subjective

recklessness as used in the criminal law." *Farmer*, 511 U.S. at 837.

Plaintiff asserts that he complained to Movants about the July 21, 2011, attack, but Movants failed to take any action to investigate the attack or resolve the issue.[11] An investigation of the attack, however, was conducted. (Mo. Sum. J. Ex C: Administrative Remedy Program.) In fact, Plaintiff, in his response to the pending motion for summary judgment, attached documents evincing an investigation. (Resp. Ex. 1, Ex. 2.) As a result of the investigation, Defendant King concluded that the attack occurred, in part, because Plaintiff refused an order to stay in the hallway and entered the zone where the attack took place. (Mo. Sum. J. Ex. C.) Plaintiff's claim for failure to investigate does not rise to the level of a constitutional violation. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005) (because plaintiff did not have a liberty in having grievances resolved to his satisfaction, "any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless").

Even though the investigation revealed that Plaintiff was partially at fault for the attack, Movants took steps to protect Plaintiff from future attacks. Plaintiff did not identify any of his attackers; therefore, Movants could not pinpoint any particular inmate as a threat to Plaintiff. In order to prevent further altercations between Plaintiff and other inmates, Plaintiff was moved to a different building within SMCI. (Mo. Sum. J. Ex. B: Affidavit of Ron King; Ex. F: Housing History.)

In their sworn testimony, Movants state that after Plaintiff was moved, they had no

---

[11] Plaintiff does not assert that Movants were responsible for the July 21, 2011, attack or had notice that the attack was imminent.

knowledge he was in imminent danger of a second attack. (Mo. Sum J. Ex. B; Ex. E: Affidavit of Johnnie Denmark.) Plaintiff offers no competent summary judgment evidence to challenge Movants' testimony in this regard. As previously stated, Plaintiff did not identify a specific inmate as a threat prior to the second attack. Plaintiff did not submit a request to be kept separate from other specific inmates until January 25, 2012, nearly two months after the second attack.[12] (Mo. Sum. J. Ex: G: Red Tags.) Plaintiff does not allege that he was attacked anytime after December 2, 2011. Plaintiff was relocated to Wilkinson County Correctional Facility on July 23, 2012. (Mo. Sum. J. Ex. F.)

Plaintiff has failed to present evidence that Movants knew he was under an imminent threat of harm and intentionally ignored that threat, and the record is void of such evidence. *See Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990) (holding that conclusory allegations are insufficient to establish a constitutional violation under Section 1983; such claims must be supported by specific facts). In fact, based on the evidence before the court, Movants investigated the July attack and took corrective measures in order to protect Plaintiff.

Even if Movants did not properly respond to Plaintiff's situation, "[a]ctions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference . . . ." *Estate of Davis ex rel. McCully v. City of N. Richlan Hills*, 406 F.3d 375, 379 (5th Cir. 2005). Plaintiff presented no competent summary judgment evidence to show that Movants were deliberately indifferent to his need for protection from a substantial risk of serious harm. *See Grissom v. Patterson*, 1993 WL 560256 at *3 (5th Cir. Dec. 27, 1993) ("Wantonness,

---

[12] On January 25, 2012, Plaintiff alleged that inmates Rashad Patrick and Sylvester Young assaulted him and requested he be kept separate from those inmates. (Mo. Sum. J. Ex. G.)

in the context of a failure-to-protect claim, requires that the defendant be conscious of the inevitable or probable results of [his] failure to take preventative action.") (internal quotations and citations omitted; brackets in original).  Plaintiff has not shown that Movants violated his Eighth Amendment right to protection from harm while incarcerated.  Accordingly, the Plaintiff's failure to protect claim against Movants fails as a matter of law.

Moreover, Plaintiff's failure to protect claim also fails against Movants because supervisory officials cannot be held liable under Section 1983 for the actions of their subordinates. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).  Under Section 1983, a supervisor may only be found liable if he is personally involved in the constitutional deprivation or if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id*. at 304.  Plaintiff does not allege that Movants were personally involved in placing him at risk or that Movants participated in the attack on him by other inmates.  Accordingly, the claim fails to the extent it is based on a theory of vicarious liability.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned recommends:

1. Defendants Johnnie Denmark and Ron King's Motion for Summary Judgment [59] be GRANTED and

2. this action be dismissed with prejudice as to Defendant Johnnie Denmark and Defendant Ron King.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The

District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

       THIS the 30th day of September, 2013.

                                           s/ Michael T. Parker
                                           United States Magistrate Judge